UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Cause No.1:21-cr-00177-JRS-DML |
| CHANCELLOR KARLA, | ) | |
| | ) | |
| Defendant. | ) | |

**PETITION TO ENTER
PLEA OF GUILTY AND PLEA AGREEMENT**

The United States of America, by counsel, John E. Childress, Acting United

States Attorney for the Southern District of Indiana, and Kristina M. Korobov,

Assistant United States Attorney ("the Government"), and the Defendant,

CHANCELLOR KARLA ("the Defendant"), in person and by counsel, Samuel

Ansell, hereby inform the Court that a Plea Agreement has been reached in this

case pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).  The following are

its terms and conditions:

## Part 1:  Guilty Plea and Charge

1.     **Plea of Guilty:** The Defendant petitions the Court for leave to enter

and agrees to enter a plea of guilty to the following offense charged in the

Information:  Count 1, which charges that the Defendant committed the offense of

Transportation of Visual Depictions of a Minor Engaged in Sexually Explicit

Conduct, in violation of Title 18, United States Code, Section 2252(a)(1).

**2.** **Potential Maximum Penalties**:  Count 1 is punishable by a maximum sentence of 20 years of imprisonment, a $250,000 fine, and a lifetime of supervised release following any term of imprisonment.  The minimum penalty is 5 years of imprisonment.

**3.** **Elements of the Offense:**  To sustain the offense to which the Defendant is pleading guilty, the Government must prove each of the following elements beyond a reasonable doubt:

<u>Count 1</u>:   <u>Transportation of Visual Depictions of Minors Engaged in Sexually Explicit Conduct</u>

A.     The Defendant knowingly transported and shipped a visual depiction using any means or facility of interstate or foreign commerce, or in or affecting interstate or foreign commerce, by any means including by computer; and

B.     the production of such visual depiction involved the use of a minor under the age of 18 years engaging in sexually explicit conduct; and

C.     such visual depiction was of such minor engaged in sexually explicit conduct; and

D.     the Defendant knew that at least one of the persons in such visual depiction was a minor under the age of 18 years and knew that the visual depiction was of such minor engaged in sexually explicit conduct.

**Part 2:  General Provisions**

2

**4.     18 U.S.C. § 3553(a) and Sentencing Guidelines:**  The Defendant agrees and understands that should this Court accept this plea agreement, the Court will sentence the Defendant to the specific sentence set forth in paragraph 9, below.  The Defendant agrees and understands that the Court, in deciding whether to accept or reject the specific sentence set forth in paragraph 9, below, will (A) consider the factors set forth in 18 U.S.C. § 3553(a), and (B) consult and take into account the United States Sentencing Guidelines ("Sentencing Guidelines" or "U.S.S.G.").  The Defendant also agrees and understands that the Sentencing Guidelines are not mandatory or binding on the Court, but are advisory in nature, and that the final determination concerning the applicable advisory guideline calculation, criminal history category, and advisory sentencing guideline range will be made by the Court.

**5.     Rule 11(c)(1)(C), Fed. R. Crim. P.:**  The Defendant acknowledges that this Plea Agreement is governed by Federal Rule of Criminal Procedure 11(c)(1)(C) and that the specific sentence set forth in paragraph 9, below, is the appropriate disposition of this cause.  The parties understand that the Court must accept or reject the sentence specified in this Plea Agreement.  If the Court rejects this Plea Agreement, then either party may withdraw from this Plea Agreement. The Defendant acknowledges that pursuant to Fed. R. Crim. P. 11(c)(3), (4) and (5), if the Court rejects the Plea Agreement, the Court will advise the Defendant personally in open court that the Court is rejecting the Plea Agreement and the

Court will afford both parties the opportunity to then withdraw the Plea Agreement.

**6.      Plea Agreement Based on Information Presently Known:**  The Defendant recognizes and understands that this Plea Agreement is based upon the information presently known to the Government.  The Government agrees not to bring other federal charges against the Defendant based on information currently known to the United States Attorneys for the Southern District of Indiana and the District of Columbia. The Government will inform the Court and the Defendant at the time of taking the Defendant's plea whether the Government has obtained any information after the Plea Agreement was signed that may warrant bringing other federal charges against the Defendant.

**7.      No Protection from Prosecution for Unknown or Subsequent Offenses:**  The Defendant acknowledges and agrees that nothing in this agreement shall protect the Defendant in any way from prosecution for any offense not specifically covered by this agreement, or not known to the United States Attorney for the Southern District of Indiana at this time.   The Defendant further acknowledges and agrees that nothing in this agreement shall protect the Defendant in any way from prosecution for any offense committed after the date of this agreement.

**8.      Rights Under Rule 11(b), Fed. R. Crim. P.:** The Defendant understands that the Government has the right, in a prosecution for perjury or false statement, to use against the Defendant any statement that the Defendant gives

under oath during the guilty plea colloquy.  The Defendant also understands that the Defendant has the right: (A) to plead not guilty, or having already so pleaded, the right to persist in that plea; (B) to a jury trial;  (C) to be represented by counsel--and if necessary have the court appoint counsel--at trial and at every other stage of the proceedings, including appeal; and (D) to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.  The Defendant also understands that the Constitution guarantees the right to be considered for release until trial[1]; and if found guilty of the charge(s), the right to appeal the conviction on such charge(s) to a higher court. The Defendant understands that if the Court accepts this plea of guilty, the Defendant waives all of these rights.

### Part 3:  Sentence of Imprisonment and Supervised Release

**9.     Agreed Upon Sentence Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C):** The parties agree that the following sentence is the appropriate disposition of this cause:

A.     **Imprisonment:**  The Defendant shall be sentenced to at least 120 months of imprisonment.

B.     **Extent of Rule 11(c)(1)(C) Agreement:**  The provision set forth in Paragraph 9, above, is the only provision(s) of this Plea Agreement subject to the provisions of Fed. R. Crim. P. 11(c)(1)(C).

---

[1]Title 18, U.S.C. §§ 3141-3156, Release and Detention Pending Judicial Proceedings.

5

10.     **Supervised Release:**  Both parties reserve the right to present evidence and arguments concerning the duration of any term of supervised release and the terms and conditions of the release.  The Defendant, however, understands that he cannot be sentenced to a term of Supervised Release of less than 5 years.

11.     **Conditions of Supervised Release:**  The parties understand and agree that the Court will determine which standard and special conditions of supervised release to apply in this case.  The parties reserve the right to present evidence and arguments concerning these conditions.  However, to assist the Court, the parties have carefully considered the factors listed in 18 U.S.C. § 3553 and jointly recommend that the Court impose the Special Conditions of supervised release set forth below, in addition to any other Standard and Special Conditions which the Court deems appropriate in this case:

**SEE ADDENDUM A**

## Part 4:  Monetary Provisions and Forfeiture

12.     **Mandatory Special Assessment:**  The Defendant will pay a total of $100 on the date of sentencing or as ordered by the Court to the Clerk, United States District Court, which amount represents the mandatory special assessment fee imposed pursuant to 18 U.S.C. § 3013.

13.     **Fine:** Parties may argue the issue of the fine.

14.     **Restitution:**  The parties understand that federal law requires the payment of restitution to the minor victims in the child pornography.

A.      **Determining the full amount of each victim's losses.**  The Court shall determine the full amount of each victim's losses that were incurred or are reasonably projected to be incurred by each victim as a result of the trafficking in child pornography depicting each victim under 18 U.S.C. §2259(b) and (c)(2).

B.      After completing the determination required under subparagraph (A), the Court shall order restitution in an amount that reflects the Defendant's relative role in the causal process that underlies each victim's losses, but which is **no less than $3,000**.  These funds are intended to allow these victims to obtain counseling, support, treatment, or other assistance related to their victimization.

C.      **Ongoing investigation:**  The parties understand that the United States has not yet determined through its investigation whether any victims in the child pornography can be identified or will seek such restitution.

D.      **Payment schedule:**  The Defendant agrees that, while the District Court sets the payment schedule, this schedule may be exceeded if and when the Defendant's financial circumstances change.  In that event, and consistent with its statutory obligations, the Government may take any and all actions necessary to collect the maximum amount of restitution in the most expeditious manner available.

15.     **Special Assessments for offenses committed after December 7, 2018:**

A.     **JVTA Special Assessment:**  The Court shall order the Defendant to pay a special assessment per count as required by the Juvenile Victims of Trafficking Act (JVTA) Special Assessment of **$5,000**, unless the Court determines that the Defendant is indigent. 18 U.S.C. §3014.

B.     **18 U.S.C. §2259A Special Assessment:** If the Defendant is convicted of violating 18 U.S.C. §2252(a)(1) for trafficking in child pornography, then the Court shall order an additional Special Assessment of **up to $35,000 per Count**. 18 U.S.C. §2259A(a)(2).

C.     **Determining the Amount of 18 U.S.C. §2259A assessment:** The Court shall consider the factors under 18 U.S.C. §3553(a) and §3572 including the Defendant's income, earning capacity, and financial resources in determining the amount of the 18 U.S.C. §2259A child pornography assessments within the range indicated.

D.     **Effect of Other Penalties:**  Imposition of the 18 U.S.C. §2259A does not relieve a Defendant of or entitle a Defendant to reduce the amount of any other penalty by the amount of the assessment.

16.  **Disbursement of payments:**  Any money received from a Defendant shall be disbursed so that each of the following obligations is paid in full in the following sequence:

A.     A special assessment under 18 U.S.C. §3013.

B.      Restitution to victims of any child pornography production or trafficking offense that the Defendant committed.

C.      A child pornography assessment under 18 U.S.C. §2259A.

D.      Any other amount imposed under section of Title 18 of the United States Code, including any JVTA assessment under 18 U.S.C. § 3014.

E.      All other fines, penalties, costs, and other payments required under the sentence.

17.    **Obligation to Pay Financial Component of Sentence**:  If the Defendant is unable to pay any financial component of the Defendant's sentence on the date of sentencing, then the Defendant agrees that the payment of the financial component should be a condition of supervised release.  The Defendant has a continuing obligation to pay the financial component of the sentence.  The Defendant further agrees that as of the date of filing this Plea Agreement the Defendant will provide all requested financial information, including privacy waivers, consents, and releases requested by the Government to access records to verify the Defendant's financial disclosures,  to the  Government for use in the collection of any fines, restitution, and money judgments imposed by the Court and authorizes the Government to obtain credit reports relating to the Defendant for use in the collection of any fines and restitution, and money judgments imposed by the Court.  The Defendant also authorizes the Government to inspect and copy all financial documents and information held by the United States Probation Office.  If

the Defendant is ever incarcerated in connection with this case, the Defendant may participate in the Bureau of Prisons Inmate Financial Responsibility Program.

    **18.** **Forfeiture:** The Defendant admits that the property listed below constitutes contraband, was used to facilitate, or constitutes the fruits of the commission of the offense(s) to which the Defendant is pleading guilty, and, therefore, is subject to forfeiture to the United States. The Defendant abandons all right, title, and interest the Defendant may have in the property listed below so that proper disposition, including destruction, may be made thereof by federal, state, or local law enforcement agencies involved in the investigation of the Defendant's criminal activity, without further notice or obligation whatsoever owing to the Defendant. The Defendant further agrees not to contest any forfeiture action brought against and consents to the forfeiture of any of the property listed below, whether any such forfeiture action is administrative, judicial, civil, or criminal, and agrees not to contest any use or destruction of any of the property listed below (and all data contained on any of these devices) by any federal, state, or local law enforcement agency: see **ADDENDUM B.**

    19.    The Defendant consents to the entry of orders of forfeiture for such property and waives the requirements of Rules 32.2 and 43(a), Fed. R. Crim. P., regarding notice of the forfeiture in the charging document, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The Defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the Defendant

of this, pursuant to Rule 11(b)(1)(J), at the time the Defendant's guilty plea is accepted.

20.     The Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

## Part 5:  Factual Basis for Guilty Plea

21.     The parties stipulate and agree that the following facts establish a factual basis for the Defendant's plea of guilty to the offense set forth in Paragraph One, above, and that the Government would be able to establish the following facts beyond a reasonable doubt in the event this cause was to proceed to trial.  The parties acknowledge that such facts are only a summary of the Government's evidence.  The parties reserve the right to present additional evidence at the time of sentencing, if they so choose, and this paragraph is not intended to foreclose the presentation of such additional evidence.

22.     The investigation into the criminal activity involving Chancellor Karla began when Google LLC provided information to The National Center for Missing and Exploited Children ("NCMEC") through their CyberTipline.

A.      **CyberTipline Reports:** In February and March of 2020, Google LLC ("Google") submitted eight CyberTipline reports to NCMEC regarding multiple files depicting the sexual abuse of children stored on their servers, specifically in Google Drive infrastructure. These files had been

uploaded by a user with the Google accounts "airplaneradio@gmail.com" and "chancellorkarla@gmail.com." (the "Subject Accounts"). On February 22, 2020, at 18:20:40 UTC, the Subject Accounts had been logged into from an Internet Protocol address, which resolved to a location in Washington, DC. Other IP addresses listed in the CyberTipline reports indicated that the Subject Accounts had been logged into from locations in Washington, DC, and surrounding areas. Of the files that were sent to NCMEC by Google, at least 5 videos and 16 images depicted child pornography and child erotica.

    i.       In response to an administrative subpoena, Google provided identifying information for the two Google accounts reported to NCMEC.

    ii.      The account "airplaneradio@gmail.com" was created on April 14, 2005 and listed the name "Chancellor Karla," the phone number 202-431-2295, and the recovery email address "chancellorkarla@gmail.com".

    iii.     The account "chancellorkarla@gmail.com" was created on January 4, 2016, with the name "Chancellor Karla," the phone number 317-792-9065, and the recovery email address "donkeybrobutt@gmail.com."

    iv.     The IP Address linked to the account was also associated with Chancellor Karla and his address in the District of Columbia, as did both telephone numbers associated with the Google accounts.

B.     **Search Warrant for Subject Accounts:** On August 28, 2020, law enforcement obtained a warrant authorizing the search of the Subject Accounts. Google provided information in response to the warrant. A review of the Google Drive associated with airplaneradio@gmail.com revealed approximately 1380 files, including multiple images, videos, and other files, depicting the sexual abuse of children.

C.     **Charged Conduct:** Karla transported the following files to the Google Drive account associated with the email address airplaneradio@gmail.com in the vicinity of Karla's residence in Washington, D.C. on the following dates:

    i.     FILE 1, transported on December 25, 2019:  A video, approximately 16:47 minutes long. The video shows two prepubescent male children in various states of undress and fully nude.  Throughout this video, the children are seen touching each other's genitals with their hands and placing their mouths on each other's genitals.  During the one video, one child uses his penis to penetrate the other boy's anus.

    ii.    FILE 2, transported on December 25, 2019: A video, approximately 28:36 minutes in length, depicting two male prepubescent children. In portions of the video, the children expose their genitals and their anuses to the camera.  In parts of the video, one child can be seen putting his penis into the other child's anus.  A

13

dog is visible in portions of this video, and the dog licks one of child's exposed genitals.

        iii.        FILE 3, transported on January 23, 2020: This image depicts a prepubescent male child, sitting cross-legged with his genitals exposed. The way the child is positioned and the way the camera is focused, the child's genitals appear to be the focal point of the image.  The words "child pornography is so sweet" is written on this image.

Each of these depictions was transported by Chancellor Karla to his Google Account from another location for the purpose of storing that depiction and the later viewing and distribution of those depictions.

        D.     **Residential Search Warrant:**  Case agents learned that Chancellor Kalra moved to the Southern District of Indiana**.**  On March 16, 2021, federal search warrants were executed at his residence in Indianapolis, Indiana and for the person of Chancellor Karla.  Among other items seized pursuant to federal search warrants, law enforcement also seized one Samsung cellular telephone from the person of Chancellor Karla. This item was imaged and processed by Indiana Internet Crimes Against Children (ICAC) detectives.

        E.     **Forensic Examination:**  A forensic examination of the Samsung cellular telephone revealed several online chats during which Karla

transported child pornography, including using hyperlinks, by using the Internet.

      i.      On January 1, 2021, in a Telegram chat located on the Samsung cellular telephone, Karla sent three Mega hyperlinks to Telegram User1 (actual user ID known to law enforcement).  On March 23, 2021, FBI Special Agent Elizabeth Carlson (SA Carlson) accessed Mega hyperlink mega.nz/folder/Wp1X0SIB#DIMkJRzh3QsIXXXXXXXXXX (last 10 digits of hyperlink redacted) and observed a file folder titled "Chubby". Seven videos and one image were located in the file folder.   SA Carlson reviewed the videos and image and found the following:

      a.      Video file 2bb2bdf7-86d2-4a2d-9f27-6da1b1ca900a depicts a nude minor male masturbating. The video is 14 seconds long.

      b.      Video file 83b0b615-cef9-4cae-a6f9-1f246545cad4 depicts a nude minor male whose anus is being fondled by an adult hand. The video is 43 second long.

      c.      Video file b48fa0ad-dc84-4a55-b062-06cb39cbb8cb depicts three nude minor males engaged in sexually explicit conduct with each other and whose genital and pubic areas are visible in the video.  The video is 62 seconds long.

d.      Video file c096f36b-629f-4b2c-8d9c-6c2abf92a048 depicts an adult male penetrating the anus of a minor with his penis. The video is one minute and 50 seconds long.

e.      Video file Mi_pri_o_caXXXXX_ (redacted) depicts the lascivious display of a nude minor male's genital and pubic area. The video is 3 minutes and 54 seconds long.

f.      An image file that depicts the lascivious display of the genital and pubic area of a nude, prepubescent male.

ii.      On January 22, 2021, when Karla sent these hyperlinks to Telegram User1, the user wrote to Karla, "my pedocock just went BOING" and "chubbyboy porn fuuuck".

iii.      SA Carlson was unable to access the content of the other two hyperlinks sent by Karla to Telegram User1.

iv.      On March 8, 2021, using the Wickr app, Karla sent two sexually explicit images of minor males to Wickr User2 (actual Wickr User ID known to law enforcement).

a.      Image file 4f0da9c2-d431-44e7-a839-2ed0790ce0f7.jpg depicts two prepubescent male children engaged in sexually explicit activity.  The children appear to be 10 to 12 years in age.

b.      Image tumblr_inline_p4x3wk3Dvu1XXXXXXXXXX.png (redacted but

16

known to Affiant).  This image depicts the lascivious display of the genital and pubic area of a prepubescent male child. The child appears to be 10 to 12 years in age.

23. **Interstate / Foreign Commerce**:  The Defendant did use the Internet, a means or facility of interstate or foreign commerce, to transport or ship visual depictions of minors engaged in sexually explicit conduct.

24. **Venue**:  The Defendant transported or shipped visual depictions of minors engaged in sexually explicit conduct while in the District of Columbia in December of 2019 and January 2020 and in the Southern District of Indiana from January 2021 to March of 2021.

## Part 6:  Other Conditions

24. **Background Information:**  The Defendant acknowledges and understands that no limitation shall be placed upon the Court's consideration of information concerning the background, character, and conduct of the Defendant for the purpose of imposing an appropriate sentence.  The Defendant acknowledges and understands that the Government is not prohibited from providing information concerning background, character, and conduct of the Defendant for the purpose of recommending or advocating an appropriate guideline calculation and sentence.

25. **Good Behavior Requirement:**  The Defendant agrees to fully comply with all conditions of release imposed by the Court during all stages of this case.  If the Defendant fails to fully comply with such conditions, then the Government may withdraw from this Agreement.  The clause precludes the Defendant from having

any contact with individuals who he knows to trade in child pornography or to produce child pornography or to engage in sexually explicit conduct with minors.

26.     **Compliance with Federal and State Laws:** The Defendant understands that the obligations of the Government in this Plea Agreement are expressly contingent upon the Defendant abiding by federal and state laws.

27.     **Potential Civil Commitment:** The Defendant has been advised, and understands, that pursuant to 18 U.S.C. § 4248, he faces potential civil commitment as a sexually dangerous person following the expiration of her term of imprisonment.  He understands that any potential civil commitment would be the subject of a separate civil proceeding.  He further understands that no one, including his attorney or the Court, can predict with certainty the effect of his conviction on such a civil commitment determination or the likelihood that civil commitment would be imposed.  He understands that civil commitment can be imposed for an indefinite period of time.  He nevertheless affirms that he wants to plead guilty regardless of any potential civil commitment consequences that his plea may entail.

28.     **Sex Offender Registration:** The Defendant shall register as a sex offender with the appropriate authorities of any state in which he resides, is employed, or attends school as required by both federal and state law, pursuant to 18 U.S.C. § 3583(d) and the Sex Offender Registration and Notification Act (SORNA) at 42 U.S.C. § 16913, et seq

## Part 7:  Sentencing Guideline Stipulations

29. **Guideline Computations:** Pursuant to Section 6B1.4 of the Sentencing Guidelines, the parties agree to the Stipulations below. The parties understand and agree that these Stipulations are binding on the parties but are only a recommendation to the Court and that the Court will determine the advisory sentencing guidelines applicable in this case. The parties agree that no stipulation regarding any factors in Chapter 4, Criminal History Category, of the Sentencing Guidelines has been made, and that such determination will be made by the Court. The 2018 version of the Sentencing Guidelines has been used by the parties to make the stipulations set forth below.

a. **Chapter Two:**

i. **Base Offense level:** The base offense level is **22**. U.S.S.G. 2G2.2(a)(2).

ii. **Age of Victims**: The material involved a prepubescent minor or a minor who had not attained the age of 12 years. This results in a **2**-level increase. U.S.S.G. 2G2.2(b)(2).

iii. **Distribution:** The offense involved the knowing distribution of child pornography. This results in a **2**-level increase. U.S.S.G. 2G2.2(b)(3)(F).

iv. **Extreme Material**: The offense involved material that included sadomasochistic material, bestiality, and material that included sexually explicit visual depictions of infant / toddlers. This results in a **4**-level increase. U.S.S.G. 2G2.2(b)(4).

19

v.      **Use of Computer:**  The offense involved the use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of the material.  This results in a **2**-level increase.  U.S.S.G. 2G2.2(b)(6).

vi.      **Number of images:**  The offense involved more than 600 images.  This results in a **5**-level increase.  U.S.S.G. 2G2.2(b)(7)(D).

vii.      **Chapter 2 Subtotal:**    **37**

b.    **Chapter Three**

i.      **Acceptance of Responsibility:**  To date, the Defendant has demonstrated a recognition and affirmative acceptance of personal responsibility for the Defendant's criminal conduct.  Based upon the Defendant's willingness to accept a Plea Agreement and enter a plea of guilty to the criminal conduct noted in this agreement [and the Defendant's agreement to cooperate in and not to contest the forfeiture of the property described above], the Government agrees that the Defendant should receive a **two (2) level reduction** *provided* the Defendant satisfies the criteria set forth in Guideline § 3E1.1(a) up to and including the time of sentencing.

ii.      **Timely Notice**: The Defendant timely notified the Government of Defendant's intention to enter a plea of guilty, thereby permitting the Government and the Court to allocate their resources efficiently.  After the Defendant enters a plea of guilty, the

Government intends to file a motion pursuant to U.S.S.G. § 3E1.1(b) requesting that the Court decrease the offense level by **one (1)** additional level.  The parties reserve the right to present evidence and arguments concerning the Defendant's acceptance of responsibility at the time of sentencing.

c.  **Final Offense Level:  34**

**Part 8:  Waiver of Right to Appeal**

**30.    Direct Appeal:**  The defendant understands that the defendant has a statutory right to appeal the conviction and sentence imposed and the manner in which the sentence was determined.  Acknowledging this right, and in exchange for the concessions made by the Government in this Plea Agreement, the defendant expressly waives the defendant's right to appeal the conviction and sentence imposed in this case on any ground, including the right to appeal conferred by 18 U.S.C. § 3742.  The defendant further expressly waives any and all challenges to the statute to which the defendant is pleading guilty on constitutional grounds, as well as any challenge that the defendant's admitted conduct does not fall within the scope of the applicable statute. This waiver of appeal specifically includes all provisions of the guilty plea and sentence imposed, including the length and conditions of supervised release and the amount of any fine.

**31.    Later Legal Challenges:**  Additionally, the defendant expressly agrees not to contest, or seek to modify, the defendant's conviction or sentence or the manner in which either was determined in any later legal proceeding, including

but not limited to, an action brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255,

<u>except</u> as follows:

    a.      **Ineffective Assistance of Counsel:**  As concerns the Section 2255 waiver, the waiver does not prevent claims, either on direct or collateral review, that the defendant received ineffective assistance of counsel.

    b.      **Retroactive Sentencing Guidelines Reductions:**  As concerns this Section 3582 waiver, should the United States Sentencing Commission and/or Congress in the future amend the Sentencing Guidelines to lower the guideline range that pertains to the defendant's offense(s) and explicitly make such an amendment retroactive, the Government agrees that it will not argue that this waiver bars the defendant from filing a motion with the district court pursuant to 18 U.S.C. § 3582(c)(2) based on that retroactive Guidelines amendment.  However, if the defendant files such a motion, the Government may oppose the motion on any other grounds.  Furthermore, should the defendant seek to appeal an adverse ruling of the district court on such a motion, this waiver bars such an appeal.

    c.      **Motions for Compassionate Release:**  As concerns this Section 3582 waiver, the defendant reserves the right to file one (and only one) motion seeking a "compassionate release" sentence reduction pursuant to the First Step Act of 2018 and 18 U.S.C. § 3582(c)(1)(A)(i) based on "extraordinary and compelling reasons" established by the defendant and consistent with U.S.S.G. § 1B1.13 application note 1(A) & (C) (or, in the event

of amendment of those U.S.S.G. provisions, the provisions, if any, with the same effect at the time of the filing of the motion for sentence reduction).  However, the defendant waives any right to file more than one motion on that basis.  This waiver also bars an appeal from the District Court's decision regarding that motion.  The government further reserves the right to oppose any motion for compassionate release on any other grounds.

32.     **No Appeal of Supervised Release Term and Conditions**:  The parties' reservation of the rights to present evidence and arguments in this Court concerning the length and conditions of supervised release is not intended to be inconsistent with the Waiver of Appeal specified above, which includes a waiver of the right to appeal to the length and conditions of the period of supervised release.

## Part 9:  Presentence Investigation Report

33.     The Defendant requests and consents to the commencement of a presentence investigation by probation officers of the United States District Court for purposes of preparing a Presentence Investigation Report at this time and prior to the entry of a formal plea of guilty.

34.     The Defendant further requests and consents to the review of the Defendant's Presentence Investigation Report by a Judge, Defendant's counsel, the Defendant, and the Government at any time, including prior to entry of a formal plea of guilty.

## Part 10:  Immigration Consequences

35.     The Defendant recognizes that pleading guilty may have consequences with respect to the Defendant's immigration status if the Defendant is not a citizen

of the United States.  Under federal law, a broad range of crimes are removable offenses, including the offenses to which the Defendant is pleading guilty.  The Defendant also recognizes that removal will not occur until service of any sentence imposed in this case has been completed.  Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including the Defendant's attorney or the Court, can predict to a certainty the effect of the conviction in this case on the Defendant's immigration status.  The Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is the Defendant's removal from the United States.

### Part 11:  Statement of the Defendant

**36.**     By signing this document, the Defendant acknowledges the following:

a.     I have received a copy of the Information and have read and discussed it with my attorney.  I believe and feel that I understand every accusation made against me in this case. I wish the Court to omit and consider as waived by me all readings of the Indictment/Information in open Court, and all further proceedings including my arraignment.

b.     I have told my attorney the facts and surrounding circumstances as known to me concerning the matters mentioned in the Information, and believe and feel that my attorney is fully informed as to all such matters.  My attorney has since informed, counseled and advised me as to the nature and

cause of every accusation against me and as to any possible defenses I might have in this case.

      c.     I have read the entire Plea Agreement and discussed it with my attorney.

      d.     I understand all the terms of the Plea Agreement and those terms correctly reflect the results of plea negotiations.

      e.     Except for the provisions of the Plea Agreement, no officer or agent of any branch of Government (federal, state or local), nor any other person, has made any promise or suggestion of any kind to me, or within my knowledge to anyone else, that I would receive a lighter sentence, or probation, or any other form of leniency, if I would plead "Guilty."  I respectfully request that the Court consider in mitigation of punishment at the time of sentencing the fact that by voluntarily pleading "Guilty" I have saved the Government and the Court the expense and inconvenience of a trial.  I understand that before it imposes sentence, the Court will address me personally and ask me if I wish to make a statement on my behalf and to present any information in mitigation of punishment.

      f.     I am fully satisfied with my attorney's representation during all phases of this case.  My attorney has done all that anyone could do to counsel and assist me and that I fully understand the proceedings in this case against me.

g.      I make no claim of innocence, and I am freely and voluntarily pleading guilty in this case.

h.      I am pleading guilty as set forth in this Plea Agreement because I am guilty of the crime(s) to which I am entering my plea.

i.      I understand that if convicted, a Defendant who is not a United States Citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

j.      My attorney has informed me, and I understand, that I have the right to appeal any conviction and sentence that I receive, unless I have waived my right to appeal as part of this Plea Agreement.  If I have not waived my right to appeal, I understand that I must file a Notice of Appeal within fourteen (14) days of the entry of the judgment in this case; I further understand that the Clerk of the Court will prepare and file a Notice of Appeal on my behalf if I ask that to be done.  I also understand that the United States has the right to appeal any sentence that I receive under this Plea Agreement.

k.      My attorney has informed me, and I understand, that if I provide or cause to be provided materially false information to a judge, magistrate-judge, or probation office, then Section 3C1.1 of the Sentencing Guidelines allows the Court to impose a two-level increase in the offense level.

l.      If this cause is currently set for trial on the Court's calendar, I request that this date be continued to permit the Court to consider this proposed guilty Plea Agreement.  I further understand that any delay resulting

from the Court's consideration of this proposed guilty Plea Agreement, up to and including the date on which the Court either accepts or rejects my guilty plea, will be excluded in computing the time within which trial of this cause must commence, pursuant to 18 U.S.C. § 3161(h)(1)(G).

### Part 12:  Certificate of Counsel

**37.**     By signing this document, the Defendant's attorney and counselor certifies as follows:

a.      I have read and fully explained to the Defendant all the accusations against the Defendant which are set forth in the Information in this case;

b.      To the best of my knowledge and belief each statement set forth in the foregoing petition to enter plea of guilty and Plea Agreement is in all respects accurate and true;

c.      The plea of "Guilty" as offered by the Defendant in the foregoing petition to enter plea of guilty and Plea Agreement accords with my understanding of the facts as related to me by the Defendant and is consistent with my advice to the Defendant;

d.      In my opinion, the Defendant's waiver of all reading of the Information in open Court, and in all further proceedings, including arraignment as provided in Rule 10, Fed. R. Crim. P., is voluntarily and understandingly made; and I recommend to the Court that the waiver be accepted by the Court;

e.     In my opinion, the plea of "Guilty" as offered by the Defendant in the foregoing petition to enter plea of guilty and Plea Agreement is voluntarily and understandingly made and I recommend to the Court that the plea of "Guilty" be now accepted and entered on behalf of the Defendant as requested in the foregoing petition to enter a plea of guilty and Plea Agreement.

## Part 13:  Final Provision

38.    **Complete Agreement:**  The Defendant acknowledges that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this document, to induce the Defendant to plead guilty.  This document is the complete and only Plea Agreement between the Defendant and the United States Attorney for the Southern District of Indiana and is binding only on the parties to the Plea Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified except in writing, signed by all parties and filed with the Court, or on the record in open court.

Respectfully submitted,

JOHN E. CHILDRESS
Acting United States Attorney

*Kristina M. Korobov*

6.2.21
_____           _____
DATE                                        Kristina M. Korobov
                                                  Assistant United States Attorney

6/2/2021
_____           _____
DATE                                        Nicholas J. Linder
                                                  Deputy Criminal Chief

5/28/21
_____           _____
DATE                                        Chancellor Karla
                                                  Defendant

06/02/2021
_____           *S/Samuel Ansell*
DATE                             _____
                                                  Samuel Ansell
                                                  Counsel for Defendant

## Addendum A

**Standard Conditions:**
1. You shall report to the probation office in the judicial district to which you are released within 72 hours of release from the custody of the Bureau of Prisons. (supervised release cases only)

2. You shall report to the probation officer in a manner and frequency directed by the court or probation officer.

3. You shall permit a probation officer to visit you at a reasonable time at home, or another place where the officer may legitimately enter by right or consent and shall permit confiscation of any contraband observed in plain view of the probation officer.

4. You shall not knowingly leave the judicial district without the permission of the court or probation officer.

5. You shall answer truthfully the inquiries by the probation officer, subject to your 5th Amendment privilege.

6. You shall not meet, communicate, or otherwise interact with a person you know to be engaged, or planning to be engaged, in criminal activity. You shall report any contact with persons you know to be convicted felons to your probation officer within 72 hours of the contact.

7. You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in who lives there, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change.

8. You shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon.

9. You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer.

10. You shall maintain lawful full-time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment.

11. You shall not enter into any agreement to act as an informer or a special agent

of a law enforcement agency without the permission of the court.

12. As directed by the probation officer, you shall notify third parties who may be impacted by the nature of the conduct underlying your current or prior offense(s) of conviction and/or shall permit the probation officer to make such notifications and/or confirm your compliance with this requirement.

13. You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision.

**Special Conditions:**

You shall pay the costs associated with the following imposed conditions of supervised release, to the extent you are financially able to pay.  The probation officer shall determine your ability to pay and any schedule of payment.

**1.     Financial Requirements and Restrictions**
You shall provide the probation officer access to any requested financial information and shall authorize the release of that information to the U.S. Attorney's Office for use in connection with the collection of any outstanding fines and/or restitution.
You shall not incur new credit charges, or open additional lines of credit without the approval of the probation officer.

**2.     Employment Restrictions**
You shall not engage in an occupation, business, profession or volunteer activity that would require or enable you to access the internet or have access to an internet enabled device during the term of supervision without prior approval of the probation officer. All employment shall be approved in advance by the probation officer.

**3.     Association and Contact Restrictions**
You shall not have <u>unsupervised</u> meetings, activities, or visits, or intentional communications with any minor unless they have been disclosed to the probation officer and approved by the court.  You shall not have <u>supervised</u> meetings, activities, visits, or intentional communications with any minor unless they have been approved by the probation officer. Before you may request approval for such meetings, activities, visits, or intentional communications (unsupervised or supervised), you must notify the person(s) having custody of any such minor(s) about the conviction in this case and the fact that you are under supervision.
You shall not be employed in any position or participate as a volunteer in any activity that involves unsupervised meetings, intentional communications, activities, or visits with minors except as disclosed to the probation officer and approved by the court.
You shall not participate in unsupervised meetings, intentional communications, activities, or visits with persons you know to be a registered sex offender or to have been convicted of a felony sex offense involving an adult or minor, including any child

pornography offense, except as disclosed to the probation officer and approved by the court.  This condition is not intended to prevent you from participating in treatment programs or religious services with felons in such programs/services so long as the activity has been disclosed as described above.

You shall not engage in any meetings, communications, activities, or visits with any of the victim(s) involved in this case or members of the family of such victim(s) without prior approval from the court.

### 4.     Place Restrictions

You shall not enter or remain at a place for the primary purpose of observing or contacting children under the age of 18.

### 5.     Search and Seizure

You shall submit to the search by the probation officer of your person, vehicle, office/business, residence, and property, including any computer systems and hardware or software systems, electronic devices, telephones, and Internet-enabled devices, including the data contained in any such items, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving you and that the area(s) to be searched may contain evidence of such violation or conduct.  Other law enforcement may assist as necessary.   You shall submit to the seizure of contraband found by the probation officer.  You shall warn other occupants these locations may be subject to searches.

### 6.     Restrictions on Viewing Sexually Explicit Materials

You shall not possess any child pornography or visual depictions of child erotica or nude minors.  Any such material found in your possession shall be considered contraband and will be confiscated by the probation officer.

### 7.     Sex Offense-Specific Assessment, Treatment, and Physiological Testing

You shall participate in a program of treatment for sexual disorders, including periodic polygraph examinations, as directed by the probation officer.  The treatment provider should determine the type and timing of such polygraph examinations.  The court authorizes the release of the presentence report and available psychological evaluations to the treatment provider, as approved by the probation officer.

### 8.     Computer and Internet Restrictions

You shall consent, at the direction of the probation officer, to having installed on your computer(s), telephone(s), electronic devices, and any hardware or software, systems to monitor your use of these items.  Monitoring will occur on a random and/or regular basis.  You will warn other occupants or users of the existence of the monitoring hardware or software.  To promote the effectiveness of this monitoring,

you shall disclose in advance all cellular phones, electronic devices, computers, and any hardware or software to the probation officer and may not access or use any undisclosed equipment.

ADDENDUM B

1.    Asus tower
2.    iPod
3.    Corsair thumbdrive
4.    Seagate 1TB portable hard drive
5.    San Disk 32 GB ultra plus
6.    Asus Tower 011220188514
7.    Samsung cell phone
8.    Dell laptop Asset tag 3036279-P
9.    Grinder with residue
10.   Green leafy substance
11.   Black notebook with passwords
12.   Record notebook
13.   Black composition notebook
14.   Documents on child sexual abuse